■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOMO F. EKE-SPIFF, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered July 13, 1983, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The only issue raised by the defendant on his appeal concerns the hearing court's ruling which denied that branch of his motion which was to suppress statements he made to police detectives in his hotel room, and later at the police station. The evidence adduced at the hearing supports the court's determination that the statements made by the defendant in his hotel room were not the product of custodial interrogation. The defendant, a cabdriver, had voluntarily provided detectives with his trip sheets for the night of the rape. Subsequently, the detectives telephoned him from the hotel lobby for permission to come to his room to discuss the trip sheets, which permission was granted. No evidence was presented that the detectives had restrained or threatened the defendant in any way. Under the circumstances of this case, a "reasonable man, innocent of any crime" would not have believed himself to be in custody *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). That the defendant was advised of his constitutional rights at one point during his conversation with the detectives does not necessarily lead to the conclusion that he was in custody *(see, People v Dorsey,*

118 AD2d 653; *People v Oates,* 104 AD2d 907). A detective testified that the defendant was not in custody until after he made inculpatory statements. Since this was a factual issue, great weight will be accorded the decision of the hearing court which had the opportunity to hear and observe witnesses *(see, People v Prochilo,* 41 NY2d 759; *People v Yukl, supra).*

While at the station house the defendant, who was well educated, was informed of his rights, whereupon he indicated that he understood them. His subsequent voluntary decision to speak to the police constituted a valid waiver. Mangano, J. P., Rubin, Kooper and Harwood, JJ., concur.