■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY ARCESE, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Finnegan, J.), dated May 9, 1988, as, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, and that branch of the defendant's motion which was to suppress statements made by him to the police is denied.

Contrary to the hearing court's determination, we conclude that the defendant was not in custody during the questioning conducted by Sergeant McKeon prior to the administration of his *Miranda* warnings and, therefore, the defendant's statements made in response to that questioning were not subject to suppression based on the failure to administer said warnings. It is well established that issues regarding custody are to be resolved by the application of the objective standard of whether a reasonable person in the defendant's position would believe that he was free to leave the presence of the police *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851; *People v Bailey,* 140 AD2d 356, 358). The factors to be considered in applying this objective standard include, (1) the amount of time the defendant spent with the police *(see, People v Anderson,* 42 NY2d 35); (2) whether his freedom of action was restricted in any significant manner *(see, People v Rodney P.,* 21 NY2d 1); (3) the location of and the atmosphere

under which the defendant was questioned *(see, People v Yukl, supra);* (4) the degree of cooperation exhibited by the defendant *(see, People v Torres,* 97 AD2d 802); (5) whether he was apprised of his constitutional rights *(see, People v Oates,* 104 AD2d 907); and (6) whether the questioning was investigatory or accusatory in nature *(see, People v Johnson,* 91 AD2d 327, *affd* 61 NY2d 932).

Applying the aforesaid standard to the case at bar, we conclude that a reasonable person in the defendant's position would not have considered himself to be in custody at the time of McKeon's initial questioning. The nature of McKeon's questioning at that point was investigatory rather than accusatory and it was conducted at the defendant's own place of business. Moreover, the defendant, who was fully cooperating with the police, was not physically restrained during the questioning nor was his freedom of movement restricted in any manner. In view of the foregoing, we find that the hearing court erred in concluding that the defendant's statements in response to McKeon's questioning were the product of custodial interrogation, requiring the administration of *Miranda* warnings. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.