■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD STEBBINS, Respondent.—Order unanimously reversed on the law and motion denied. Memorandum: The court erred in suppressing the statement made by defendant to Investigator Stephen DiGennaro at the Rochester Public Safety Building on March 10, 1987. Defendant was not in custody; thus, Miranda warnings were not required. The record establishes that defendant voluntarily accompanied Investigator DiGen-

naro to the police station where he was interviewed. Defendant was the owner of a multiple-family dwelling that had sustained extensive fire damage at approximately 1:30 A.M. earlier that day. The interview at this time was investigatory and not accusatory in nature. Defendant was cooperative and the investigation focused on defendant's tenant. After a written deposition was prepared and signed, defendant met with a technician who made a composite drawing of the tenant. At the conclusion of the interview, approximately two hours later, defendant left the building. In our view, and on this record, no reasonable person innocent of any crime in defendant's position would have thought that he was in custody (see, People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851; People v Flint, 151 AD2d 964; People v McNeeley, 77 AD2d 205, 208). "Moreover, the fact that a defendant is being interviewed in the police station does not necessarily mean that he is to be considered 'in custody'. * * * This is merely one of the factors to be considered in reaching the ultimate conclusion" (People v Yukl, supra, at 589). (Appeal from order of Monroe County Court, Celli, J.—motion to suppress.) Present—Dillon, P. J., Callahan, Green, Pine and Davis, JJ.