■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS L. GRIMES, Appellant.—Judgment affirmed. Memorandum: Defendant was convicted of two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]), two counts of robbery in the first degree (Penal Law § 160.15 [1], [3]), criminal possession of a weapon in the fourth degree (Penal Law § 265.01), grand larceny in the third degree (Penal Law

§ 155.30 [1]), intentional murder in the second degree (Penal Law § 125.25 [1]), depraved mind murder in the second degree (Penal Law § 125.25 [2]), and two counts of felony murder in the second degree (Penal Law § 125.25 [3], one count predicated upon the felony of burglary and the other upon the felony of robbery). These crimes stemmed from the burglary, robbery and murder of an elderly woman at her home in the City of Utica. Defendant's principal contentions on appeal are that physical evidence and statements made at the police station should have been suppressed and that, in the absence of a CPL 710.30 notice, the trial court erred in permitting testimony concerning defendant's waiver of *Miranda* rights. We conclude that both contentions lack merit.

Several police officers testified at the suppression hearing that they went to defendant's apartment shortly after the crime to arrest his brother. They arrested and handcuffed defendant's brother and transported him to the station house. Other officers asked defendant to accompany them to the police station and he agreed to go. He was not handcuffed or otherwise restrained. Defendant testified, however, that he was arrested and handcuffed at the apartment. Whether defendant was arrested at the apartment or voluntarily accompanied the police was an issue of credibility that the court resolved in the People's favor. The court's resolution is supported by the record; we perceive no reason to disturb the determination *(see, People v Prochilo,* 41 NY2d 759).

In our view, the statements made by a defendant in waiving his *Miranda* rights, i.e., that he understood his rights and was willing to talk with the police without counsel, are not admissions or statements encompassed within the notice requirements of CPL 710.30. In any event, the notice provided to defendant pursuant to CPL 710.30 included reference to the defendant's waiver of his rights, thereby complying with the statutory requirement.

The issue raised by the dissenter was not raised in the trial court, is not raised on appeal and, in any event, is totally devoid of merit *(see, e.g., People v Shuman,* 37 NY2d 302; *People v Fowler,* 147 AD2d 966, *lv denied* 73 NY2d 1015).

All concur, except Lawton, J., who dissents in part and votes to modify the judgment, in accordance with the following memorandum.

Lawton, J. (dissenting). I must dissent. Defendant was improperly indicted and convicted of two separate counts of felony murder. A person cannot be indicted, tried or convicted

twice for the same crime. The corpus of the crime of felony murder is the killing of another *(see, People v Berzups,* 49 NY2d 417, 428). Whether one or more of the enumerated felonies under Penal Law § 125.25 (3) is committed at the time of the killing, if there is but one victim, there is but one crime. The commission of more than one of the underlying felonies does not result in multiple felony murders. Where there is but one crime, there can be but one indictment (CPL 200.30). By indicting defendant twice for the same crime, defendant was placed in jeopardy twice in violation of US Constitution 5th Amendment; NY Constitution, article I, § 6; and CPL 40.20 *(see, People v Santiago,* 51 AD2d 1, 8). The failure of defendant to object to the indictments or to the prosecution on both counts is of no moment *(see, Menna v New York,* 423 US 61; *People v Michael,* 48 NY2d 1).

Consequently, I would reverse the convictions for felony murder, dismiss the indictments with respect to that charge, with leave to the People to re-present to another Grand Jury, if they so choose. In all other respects, I concur with the majority and would affirm the conviction. (Appeal from judgment of Oneida County Court, Murad, J.—murder, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.