■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADIB SUDAN KHAN, Also Known as STEVE JAMES, Appellant.— Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered September 15, 1989, convicting defendant, after a jury trial, of robbery in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of a controlled substance in the seventh degree, and sentencing him to an indeterminate term of imprisonment of from 4 to 12 years on the robbery conviction to run concurrently with 1 year terms for each of the other convictions, unanimously affirmed.

After a gunpoint robbery of a taxicab driver, defendant was apprehended by other taxicab drivers. While he was restrained by police officers, a search revealed a vial of crack in his pocket. The police were directed by the people assembled to look down the shoulder of the road where the gun was retrieved and thereafter identified by the complainant. At the precinct, defendant made certain admissions.

The court did not improperly join the drug possession count with the robbery and weapon possession count (CPL 200.20 [2] [b]), as the evidence of recovery of the crack was intimately related to the evidence of the robbery *(see, People v Bongarzone,* 69 NY2d 892). Further, the proof of possession was admissible to reveal the circumstances surrounding the arrest and complete the narrative of the case *(see, People v Vega,* 169 AD2d 586, 587).

Although defendant contends that the failure by counsel to move to sever the drug possession count deprived him of effective assistance of counsel, such failure does not render

counsel ineffective "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" *(People v Baldi,* 54 NY2d 137, 147). A review of the record reveals counsel's overall representation to be meaningful.

Nor was the prosecutor's summation improper as the comments were in response to arguments raised by the defense in summation *(People v Morgan,* 66 NY2d 255, 259), and attacks by defense attorney on the credibility of the police witnesses *(People v Devonish,* 159 AD2d 320). Further, a prosecutor is entitled to a "broad bounds of rhetorical comment" during closing arguments *(People v Galloway,* 54 NY2d 396, 399). Although the prosecutor used the word "conspiracy" to characterize the defense attorney, the court clarified the comments by instructing the jury, *i.e.,* that counsel's remarks were not evidence *(People v Pittman,* 158 AD2d 345). It is presumed the jury followed the instructions *(People v Berg,* 59 NY2d 294, 299-300). Because of the overwhelming evidence of guilt, any error must be considered harmless *(People v Crimmins,* 36 NY2d 230).

Finally, contrary to defendant's arguments *pro se,* guilt was proven beyond a reasonable doubt by overwhelming evidence. A verdict is supported by legally sufficient evidence if " 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621). Here, there is no question of misidentification, the gun used was positively identified, and defendant made incriminating statements. Although defendant attacks the credibility of the complainant, credibility is a jury determination *(People v Bleakley,* 69 NY2d 490, 495). Nor was it improper for the officers to testify that they were directed to the location of the weapon by others on the scene *(see, People v Casanova,* 160 AD2d 394). Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.