■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VYRECK BLAKE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered July 6, 1990, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that his questioning at the police station for one to two hours prior to being given his *Miranda* warnings was custodial in nature and, therefore, the statements made by him, prior to and after being read his *Miranda* rights, should be suppressed *(see, Miranda v Arizona,* 384 US 436).

"In deciding whether a defendant was in custody prior to receiving his warnings * * * [t]he test is not what the defendant thought, but rather what a reasonable [person], innocent of any crime, would have thought had he been in the defendant's position" *(People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). Factors to be considered include, (1) the amount of time the defendant spent with the police, (2) whether his freedom of action was restricted in any significant manner, (3)

the location and atmosphere under which the defendant was questioned, (4) the degree of cooperation exhibited by the defendant, (5) whether he was apprised of his constitutional rights, and (6) whether the questioning was investigatory or accusatory in nature (see, People v Arcese, 148 AD2d 460).

Here, the defendant came to the police station voluntarily, accompanied by his mother. He was not handcuffed and his freedom of movement was not restrained. The questioning was investigatory and not accusatory, and he spent only one to two hours answering questions prior to being read his rights. Under these circumstances, we find that a reasonable person in the defendant's position, innocent of any crime, would not have believed he was in custody. Therefore, the hearing court properly determined that any statements made by the defendant were admissible.

We also reject the defendant's contention that the hearing court erred in denying his request to call the complaining witness to testify regarding the identification procedure. The defendant waited for four months after the court had asked if any more witnesses would be called before making his request for an adjournment to call the complainant. At that point, the hearings had extended over some eight months. Under these circumstances, we find that the court properly exercised its discretion in denying the request (see, People v Spears, 64 NY2d 698).

We have examined the defendant's remaining contentions and find them to be without merit. Kunzeman, J. P., Sullivan, Lawrence and Balletta, JJ., concur.