■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND FORBES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered May 29, 1990, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant contends that his questioning at the police station for approximately four hours before being given his *Miranda* warnings was custodial in nature and, therefore, the statements made by him before being read his *Miranda* rights should be suppressed *(see, Miranda v Arizona,* 384 US 436). "In deciding whether a defendant was in custody prior to receiving his warnings * * * [t]he test is not what the defendant thought, but rather what a reasonable [person], innocent of any crime, would have thought had he been in the defendant's position" *(People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). The court should consider: (1) the amount of time the defendant spent with the police, (2) whether his freedom of action was restricted in any significant manner, (3) the location and atmosphere in which the defendant was questioned, (4) the degree of cooperation exhibited by the defen-

dant, (5) whether he was apprised of his constitutional rights, and (6) whether the questioning was investigatory or accusatory in nature *(see, People v Arcese,* 148 AD2d 460).

Here, the defendant came to the police station voluntarily. He rode in the back of the police car alone, and the doors were unlocked. He was not handcuffed, and no force or threats of any kind were used. The questioning was investigatory. The defendant cooperated without protest, was not restrained when he was being questioned, and was given at least one break from the questioning. Under these circumstances, we find that a reasonable person in the defendant's position, innocent of any crime, would not have believed he was in custody *(cf., People v Alaire,* 148 AD2d 731). Therefore, the hearing court properly determined that any statement made by him prior to being given his *Miranda* rights was admissible.

Furthermore, although the defendant is mildly retarded, his own expert witness established that he understood the immediate meaning of his *Miranda* warnings, once given. Thus, he knowingly waived those rights when he gave his written and videotaped confessions following a reading of his *Miranda* warnings *(see, People v Williams,* 62 NY2d 285, 287).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Harwood, Rosenblatt and Miller, JJ., concur.