■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID NOLCOX, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsa-los, J.), rendered September 21, 1989, convicting him of mur-der in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

It is well settled that the test to determine whether a person is in custody so as to trigger the requirement that *Miranda* warnings be given is whether a reasonable person, innocent of any crime, would have thought that he or she was in custody *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). That the questioning takes place in a police station, or that a person is read his or her rights, does not automati-cally transform investigatory questioning into a custodial interrogation, even if that person is a "suspect" *(see, People v Smedman,* 184 AD2d 600). In the case before us, the defendant voluntarily agreed to accompany the police officers to the station house for questioning. At no time were his movements restricted, nor was he subjected to displays of official force or power *(see, People v Blake,* 177 AD2d 636). That the defendant was advised of his constitutional rights at one point during his conversation with the Captain does not necessarily lead to the conclusion that he was in custody *(see, People v Eke-Spiff,* 128 AD2d 889; *People v Oates,* 104 AD2d 907).

Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reason-able doubt. The evidence established that the victim died as a result of a knife wound to the chest which pierced her heart,

and as a result of strangulation and asphyxiation. Any one of these acts, either alone or together, could have caused her death. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review *(see, People v Tardbania,* 72 NY2d 852, 853; *People v Ford,* 69 NY2d 775, 776; *People v Vidal,* 26 NY2d 249, 254). Mangano, P. J., Rosenblatt, Ritter and Santucci, JJ., concur.