■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WIACZESLAW WORONCOW, Appellant. [595 NYS2d 62] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered February 13, 1990, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the defendant's statements to law enforcement authorities.

Ordered that the judgment is affirmed.

We find that the oral statements sought to be suppressed were not the product of a custodial interrogation. The defendant testified that he had gone to the police precinct voluntarily, without first talking to the police, after he heard that one of his roommates was there. Just outside the precinct, the defendant saw his roommate in the company of two police officers. His roommate told him that their other roommate

had died, and the officers asked the defendant to come inside the precinct.

The defendant was brought to a room where he could watch television, and was told that he would be talking to someone who spoke Russian. While waiting, the defendant was free to go to the bathroom on his own, and he did so. He was never told that he could not leave the precinct and he never asked if he could leave.

The defendant was subsequently advised of the *Miranda* rights, and although he initially refused to answer any questions, a few minutes later he indicated that he was willing to talk to the police. He then gave a statement in which he admitted hitting the victim while they were drunk. The defendant made this statement less than 40 minutes after he arrived at the precinct.

We find that a reasonable man, innocent of any crime, would not have thought that he was in custody had he been in the defendant's position *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). Accordingly, the defendant was not entitled to suppression of his statement.

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.