■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT T. WILBERT, Appellant. [596 NYS2d 258] —Judgment unanimously affirmed. Memorandum: We agree with the determination of the suppression court that the initial statement defendant made to the police was not the product of custodial interrogation. Whether a defendant is in custody is a question for the trier of fact *(see, People v Waymer,* 53 NY2d 1053, 1054; *People v Grimes,* 162 AD2d 1031, *lv denied* 76 NY2d 893) and is to be accorded great respect and left undisturbed unless it is erroneous as a matter of law or unsupported by the record *(see, People v Prochilo,* 41 NY2d 759, 761; *People v McIntyre,* 138 AD2d 634, *lv denied* 72 NY2d 959). Defendant

does not assert that the questioning was accusatory, rather than investigatory *(see, People v Stebbins,* 152 AD2d 946), or that he was told that he could not leave *(see, People v Anderson,* 146 AD2d 638, *lv denied* 74 NY2d 660). The fact that the questioning took place in a police car is not dispositive, but is simply one factor to be weighed in considering whether an individual is in a custodial situation *(see, People v Oates,* 104 AD2d 907, 911). Under the test enunciated in *People v Yukl* (25 NY2d 585, *mot to amend remittitur denied* 26 NY2d 845, 883, *cert denied* 400 US 851), a reasonable person, innocent of any crime, would not have believed himself to be in custody or that his freedom was significantly impaired. Because the police conduct that produced the first statement was not illegal, defendant's reliance on *People v Chapple* (38 NY2d 112) is misplaced.

We also reject defendant's contention that the initial statement and the later oral and written statements were involuntarily made. The testimony of the social worker that defendant suffered from an oppositional defiant disorder is not relevant to the issue whether defendant was mentally capable of making a voluntary statement. Additionally, the suppression court credited the testimony of the police that defendant did not seem intoxicated at the time he made his statements and did not request to speak to an attorney. Although defendant did request to speak to his mother, the police were unable to reach her and defendant agreed to continue the questioning after being advised that the attempts to reach his mother were unsuccessful. (Appeal from Judgment of Wayne County Court, Strobridge, J.—Sodomy, 1st Degree.) Present—Denman, P. J., Green, Balio, Lawton and Davis, JJ.