■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS J. SMITH, Appellant. [598 NYS2d 620] —Judgment unanimously affirmed. Memorandum: Defendant contends that his statement to the police was the product of custodial interrogation. We disagree. Whether a defendant is in custody is generally a question of fact to be determined by the suppression court *(see, People v Waymer,* 53 NY2d 1053, 1054; *People v Grimes,* 162 AD2d 1031, *lv denied* 76 NY2d 893) and its determination should not be disturbed unless it is erroneous as a matter of law or unsupported by the record *(see, People v Prochilo,* 41 NY2d 759, 761; *People v McIntyre,* 138 AD2d 634, *lv denied* 72 NY2d 959). The fact that defendant was driven to the District Attorney's office in a police car and questioned in the Grand Jury room is not dispositive *(see, People v Wilbert,* 192 AD2d 1109; *People v Oates,* 104 AD2d 907). Defendant was told that he was not under arrest and was free to leave at any time, and in fact was taken home after he made his statement. Under the circumstances, a reasonable person, innocent of any crime, would not have believed that he was in custody or that his freedom was significantly impaired *(see, People v Yukl,* 25 NY2d 585, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851).

Defendant contends that he was entitled to a *Wade* hearing because the People served notice that they would introduce evidence of a pretrial identification by the victim and her mother. County Court properly determined that the pretrial photographic identification was confirmatory in nature and that a hearing was not necessary. Where the evidence establishes that the parties were previously known to one another, the suggestiveness of the photographic identification is not a concern and CPL 710.30 does not come into play *(see, People v Rodriguez,* 79 NY2d 445, 449; *People v Gissendanner,* 48 NY2d

543, 552; *see also, People v Tas,* 51 NY2d 915). Here, unlike the situation in *People v Rodriguez (supra),* relied on by defendant, defendant admitted that he knew the victim's mother and had been in the victim's apartment on three or four occasions, thus establishing that they were acquainted *(see, People v Collins,* 60 NY2d 214). (Appeal from Judgment of Wayne County Court, Parenti, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.