■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK REAVES, Appellant. [619 NYS2d 132] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered April 10, 1991, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

A detective investigating a homicide approached the defendant and indicated that he wanted to speak with him about the killing. The defendant told the detective "I know who did it". Thereafter, the defendant came to the police station voluntarily, and he was not searched or handcuffed prior to entering the police car. At a suppression hearing, the prosecution witnesses testified that the defendant was given his *Miranda* warnings prior to his initial interview at the police station and three times thereafter, and that he was not arrested until his statements became inconsistent and inculpatory during his initial interview. The defendant testified that he was arrested on the street upon his first contact with the police and that he was not advised of his rights until after he had made inculpatory statements. The hearing court credited the prosecution's witnesses.

The hearing court's determinations as to credibility are to be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Prochilo,* 41 NY2d 759; *People v Boone,* 183 AD2d 721). Under the circumstances of this case, we find no reason to overturn the hearing court's conclusion that all of the defendant's statements were voluntarily made after he had received his *Miranda* warnings and were therefore not subject to suppression.

In any event, even if we were to credit the defendant's testimony that *Miranda* warnings were not given prior to the making of inculpatory statements, we disagree with his contention that the questioning at the precinct was custodial in nature and therefore his statements made to the police should have been suppressed. The test to determine whether a defen-

dant was in police custody is not what the defendant thought, but rather whether a reasonable person, innocent of any crime, would have believed he was free to leave the presence of the police *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *Matter of Robert H.,* 194 AD2d 790; *People v Blake,* 177 AD2d 636). Until his statements became inconsistent and inculpatory approximately four hours after the defendant accompanied the police to the precinct, the defendant's freedom of movement was not restrained, and the questioning was investigatory, not accusatory. Under these circumstances, a reasonable person in the defendant's position, innocent of any crime, would not have believed he was in custody. Therefore, the initial inculpatory statements made by the defendant were admissible even if, as he claims, they were not preceded by *Miranda* warnings *(see, People v Blake, supra,* at 636; *People v Arcese,* 148 AD2d 460).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.