■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODDERICK BROCKINGTON, Appellant. [620 NYS2d 668] —Judgment unanimously affirmed. Memorandum: The contention of defendant that he was excluded from a material stage of trial because of his absence from a side-bar conference during a *Sandoval* hearing is without foundation in the record. The side-bar conference was held at the close of the People's case and after the prosecutor stated that she did not intend to use any of defendant's past convictions for impeachment purposes. The speculation of defendant that the side-bar conference

concerned his parole officer's testimony that defendant had not reported after the crime, even if correct, did not implicate a *Sandoval* issue, i.e., the "nature of defendant's criminal history" to be used to impeach defendant on cross-examination *(People v Dokes,* 79 NY2d 656, 662). The parole officer's testimony had been admitted without objection well before any *Sandoval* issues were raised for the sole purpose of showing defendant's consciousness of guilt.

The contentions of defendant regarding the court's alleged errors in charging the jury have not been properly preserved for review *(see,* CPL 470.05 [2]), and we decline to address them as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

We have reviewed defendant's remaining contention and conclude that it is without merit *(see, People v Rodriguez,* 79 NY2d 445, 450; *People v Smith,* 193 AD2d 1054, *lv denied* 82 NY2d 853). (Appeal from Judgment of Monroe County Court, Maloy, J.—Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.