■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLIE G. SMITH, Appellant. [625 NYS2d 684] —Cardona, P. J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered February 14, 1994, upon a verdict convicting defendant of the crime of arson in the second degree.

On this appeal, defendant initially argues that County Court erred in only imposing the sanction of an adverse inference charge because of the People's failure to produce, in advance of the trial, a fire investigator's handwritten notes concerning the results of his investigation. It is true that, as a general rule, a defendant has the right to review any prior statements of prosecution witnesses under the Rosario rule (see, People v Rosario, 9 NY2d 286, cert denied 368 US 866; see also, People v Ranghelle, 69 NY2d 56). There is, however, no obligation to produce statements that are "duplicative equivalents of statements previously turned over to the defense"

*(People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914).

Here, the fire investigator testified that the handwritten report was transcribed into typewritten form with the only changes being to correct spelling errors. The defense was provided with a copy of the typewritten report. Although the fire investigator testified that he no longer had the handwritten report, a further search was conducted, the notes were located and given to County Court after the jury had begun its deliberations. A comparison of the handwritten notes and the typewritten report reveals that the two are virtually identical. Under the circumstances, the court's refusal to impose a harsher sanction was not error *(see, People v Aguirre,* 201 AD2d 485, *lv denied* 83 NY2d 868). In addition, because there was no evidence that the initial inability to locate the notes was done in bad faith, defendant was not entitled to a harsher sanction unless he demonstrated some degree of prejudice *(see, People v Holmes,* 188 AD2d 618, *lv denied* 81 NY2d 887). Defendant was not prejudiced insofar as a comparison of the notes with the typewritten report establishes that the former were indeed accurately transcribed onto the latter document which was provided to defendant *(see, People v Thomas,* 202 AD2d 525, *lv denied* 83 NY2d 915). Defense counsel also had a full opportunity to cross-examine the fire investigator about the loss of the notes *(see, People v Holmes, supra).*

Defendant next contends that County Court erred in denying his motion to suppress a statement he made to the police. At issue is whether County Court properly ruled that defendant was not in custody at the time he gave his statement to the police. According to the undisputed testimony of the officer who interviewed defendant, he saw defendant on the street several months after the subject fire and requested that defendant come down to the police station and talk to him; defendant said "sure". Defendant then came to the station on his own. The officer stated that he knew defendant had no place to live and that when defendant told him he had not eaten in a day and a half, the officer ordered food for him. After defendant ate, the two talked about how defendant had no place to stay and at that point the officer asked defendant if he had any other problems, to which defendant responded in the affirmative and said "if the police knew about them, he would probably be in jail". The officer then asked him about the fire and if defendant recalled it, and defendant said "yes". The officer then asked him if there was something that "maybe he might have done that caused the fire", and defen-

dant again answered "yes". The officer then asked defendant if he would give him a voluntary statement and read him his *Miranda* warnings. The statement was given in a question and answer format and at the completion of the interview defendant was permitted to leave the police station.

In deciding whether a defendant was in custody at the time a statement was given, the test is not what the subjective beliefs of the defendant were, but instead what a reasonable person, innocent of any crime, would have thought if they were in defendant's position *(see, People v Yukl,* 25 NY2d 585, *cert denied* 400 US 851). The issue of custody raises a question of fact to be determined by County Court and its determination should not be disturbed unless it is erroneous as a matter of law or unsupported by the record *(see, People v Smith,* 193 AD2d 1054, *lv denied* 82 NY2d 853).

Here, in our view, County Court properly refused to suppress defendant's statement on the ground that he was not in custody *(see, People v Vogler,* 201 AD2d 890, *lv denied* 83 NY2d 916). That the questioning takes place in a police station, or that a person is read the *Miranda* warnings, does not necessarily lead to the conclusion that the person was in custody *(see, People v Nolcox,* 190 AD2d 824, *lv denied* 81 NY2d 1017). Defendant voluntarily agreed to go to the police station for questioning. At no time were his movements restricted, nor was he subjected to displays of official force or power *(see, People v Blake,* 177 AD2d 636, *lv denied* 79 NY2d 853). He was able to and did leave the police station at the conclusion of the questioning *(see, People v Smedman,* 184 AD2d 600). Defendant had also admittedly been present at the scene of the fire. He was the one who had reported it and he assisted an officer in getting into the building. It was therefore reasonable for the police to question defendant *(see, supra).* The fact that the police administered the *Miranda* warnings after defendant answered "yes" to the question of whether he may have done something to cause the fire does not warrant a finding, under the circumstances of this case, that defendant was in custody when he made his statement *(see, People v Vogler,* 201 AD2d 890, *supra; People v Nolcox,* 190 AD2d 824, *supra; People v Blake, supra; see also, People v Deskovic,* 201 AD2d 579, *lv denied* 83 NY2d 1003).

As a final matter, we find defendant's sentence neither harsh nor excessive. Defendant's sentence to an indeterminate prison term of 5 to 15 years for the crime of arson in the second degree was well within the statutory parameters and was less than the harshest punishment allowed. Given the

serious nature of the crime and defendant's criminal background, County Court was well within its discretion in imposing the sentence that it did. We find no reason upon this record to disturb the sentence imposed by the court. We have considered and rejected as lacking in merit defendant's remaining arguments.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.