■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ROBERT KING, Appellant. [635 NYS2d 672] —Appeal by the defen-
dant from a judgment of the County Court, Orange County
(Berry, J.), rendered March 18, 1994, convicting him of bur-
glary in the third degree, petit larceny, and criminal posses-
sion of stolen property in the fifth degree, upon a jury verdict,
and imposing sentence. The appeal brings up for review the
denial, after a hearing, of those branches of the defendant's
omnibus motion which were to suppress physical evidence and
statements made by the defendant to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention that his statements
to the police should have been suppressed since they were made
while he was in custody and had not been given his *Miranda*
warnings, the County Court correctly denied the branch of his
motion which was to suppress his statements to the police. The
correct standard by which to decide whether a defendant was
in custody is to determine "what a reasonable [person], in-
nocent of any crime, would have thought had he been in the
defendant's position" (*People v Yukl*, 25 NY2d 585, 589, *cert
denied* 400 US 851; *People v Blake*, 177 AD2d 636). Factors to
consider include (1) the length of time the defendant spent
with the police, (2) whether his ability to act freely was
significantly restricted, (3) the location and atmosphere in
which the defendant was questioned, (4) how cooperative the
defendant was, (5) whether he was apprised of his constitutional
rights, and (6) whether the questions posed were investigatory
or accusatory in nature (*see, People v Arcese*, 148 AD2d 460).

In the instant case, upon being approached on his porch by
police officers, the defendant offered to help the police in their
investigation. He informed the police that he knew where to
find the stolen property and then directed them to it. The po-
lice told the defendant that he was not under arrest—he was
merely asked to assist the police in their investigation. The de-
fendant was not threatened or coerced; he was not handcuffed
until after he was arrested at the precinct; the questioning was
investigative rather than accusatory in nature; and the defen-
dant never protested being questioned by the police. Moreover,
the questioning lasted for no more than a few minutes. Under
these circumstances we find that a reasonable person in the
defendant's position, innocent of any crime, would not have
believed he was in custody. Therefore, the hearing court cor-
rectly determined that any statements made by the defendant
were admissible (*see, People v Blake*, 177 AD2d 636, *supra*).

The County Court also properly denied the branch of the

defendant's motion which was to suppress physical evidence. The record establishes that the defendant's conduct constituted consent to the police officer's request to examine his sneakers. The defendant immediately handed his sneakers to the police without indicating in any manner whatsoever that he did not wish to comply. At that point, the defendant was not handcuffed, and he was not threatened or coerced. The defendant did not consider himself to be in custody at the stationhouse, but merely thought that he was there to assist the police by providing them with a statement. The record supports the County Court's finding that the defendant's voluntarily consented to hand over is sneakers and that his compliance was not the result of overbearing police conduct and coercion (*see generally, People v Gonzalez,* 39 NY2d 122, 124-125; *People v Gonzalez,* 150 Misc 2d 187, 203).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was neither excessive nor harsh (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Ritter, Hart and Krausman, JJ., concur.