■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO JIMENEZ, Appellant. [640 NYS2d 490]

Defendant's generalized motion to dismiss at the close of the People's case was not sufficient to preserve the *Ryan* issue for review (*People v Gray*, 86 NY2d 10). The homicide and drug charges were properly joined because proof of the homicide was admissible as evidence in chief on the drug charge, given that the drugs were found in open view several feet from the

victim's body (CPL 200.20 [2] [b]; *see, People v Lane*, 56 NY2d 1, 7; *People v Khan*, 174 AD2d 510, *lv denied* 78 NY2d 968). The trial court's preclusion of untimely disclosed slides and diagrams of the victim, and any reference thereto, was an appropriate sanction under the circumstances (*see, People v Kelly*, 62 NY2d 516, 520-521). The prosecutor's comments during summation "did not exceed the broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway*, 54 NY2d 396, 399). We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Tom, JJ.