■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RITA DELFINO, Appellant. [651 NYS2d 553] —Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J., at trial; Carey, J., at sentencing), rendered August 26, 1994, convicting her of arson in the second degree and criminal mischief in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Scarpino, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by her to law enforcement authorities. Justice O'Brien has been substituted for the late Justice Hart *(see,* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

After a suspicious fire in the defendant's apartment, in which an accelerant was used, detectives investigating the fire found the defendant seated in a shopping mall reading a book. After telling the detectives that she was aware of the fire, the defendant agreed to accompany the detectives to Police Headquarters to speak to them about the fire. At Police Headquarters, the defendant gave two statements, one oral and one in writing, to detectives. Based on these statements and additional information given to the detectives by another detective at the scene of the fire, the defendant was arrested and charged, *inter alia,* with arson.

On appeal, the defendant claims that the court improperly denied her motion to suppress, *inter alia,* the statements she made to the police and physical evidence recovered as a result

of those statements because she made them while she was in custody, but before probable cause existed for her arrest *(see, Dunaway v New York,* 442 US 200). Her claim is without merit. The issue of whether a suspect is in custody is generally a question of fact *(People v Centano,* 76 NY2d 837), and the standard to be applied is whether a reasonable person, innocent of any crime, would have believed that she was in police custody *(see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). Weighing the relevant factors present in the instant case *(see, People v Macklin,* 202 AD2d 445, 446; *People v Bailey,* 140 AD2d 356, 358), the hearing court properly determined that the defendant was not in custody when she made the statements she sought to suppress.

Clearly, the defendant, who was neither handcuffed, searched, nor patted down before she entered the detectives' car, voluntarily accompanied the detectives to Police Headquarters *(see, People v Forbes,* 182 AD2d 829). There, she was not handcuffed *(see, People v Centano, supra,* at 838), and at no time were her movements restricted, nor was she subjected to displays of official force or power *(People v Nolcox,* 190 AD2d 824; *People v Blake,* 177 AD2d 636). Moreover, since the detectives were investigating a suspicious fire which had occurred in her apartment, it is reasonable that they would want to question her *(see, People v Smedman,* 184 AD2d 600, 604) and, she was questioned for only about one hour and twenty minutes to one and one-half hours *(see, People v Forbes, supra; People v Blake, supra).*

Neither the fact that she was questioned at Police Headquarters nor that she was read her constitutional rights automatically transformed investigatory questioning into a custodial interrogation, even though the defendant was considered a suspect *(People v Nolcox, supra; People v Smedman, supra).* Although the defendant was never told that she could leave Police Headquarters, she neither asked if she could do so *(People v Woroncow,* 191 AD2d 530, 531), nor protested the questioning *(see, People v Centano, supra).*

In light of the overwhelming evidence of guilt, any error resulting from the admission of certain testimony by the People's forensic expert was harmless *(see, People v Crimmins,* 36 NY2d 230, 241). Miller, J. P., O'Brien, Altman and Goldstein, JJ., concur.