■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SIRMONS, Appellant. [658 NYS2d 38] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Dounias, J.), rendered October 31, 1995, convicting him of robbery in the first degree, attempted robbery in the first degree, criminal possession of a weapon in the third degree (three counts), and unlawful possession of a radio device (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

On May 16, 1994, the defendant committed a gunpoint robbery at a Burger King Restaurant. Thereafter, on May 21, 1994, he attempted another robbery at a McDonald's restaurant, also at gunpoint. After leaving McDonald's, and entering his car, the defendant accidentally discharged his shotgun, seriously injuring himself. He was taken to a hospital, where he made a statement to detectives prior to being given his Miranda warnings. Following a hearing, the trial court determined that the statement was voluntary.

The trial court properly denied that branch of the defendant's omnibus motion which was to suppress his statement, since he was not in custody when he made the statement (see, People v

*King,* 222 AD2d 699). The testimony taken at the hearing clearly indicates that the defendant was not threatened or coerced. The questioning was investigative rather than accusatory in nature, and lasted for no more than a few minutes. Moreover, members of the hospital staff were present during the questioning, and the defendant never protested about being questioned by the detectives. "Under these circumstances * * * a reasonable person in the defendant's position, innocent of any crime, would not have believed he was in custody" *(People v King, supra,* at 699; *see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel because of his attorney's failure to move for a severance of the counts in the indictment charging him with the crimes of robbery in the first degree and attempted robbery in the first degree *(see, People v Flores,* 84 NY2d 184; *People v Khan,* 174 AD2d 510). Indeed, the defendant enjoyed meaningful representation at all stages of the trial *(see, People v Baldi,* 54 NY2d 137).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Mangano, P. J., Rosenblatt, Santucci and Joy, JJ., concur.