■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN A. ECKERT, Appellant. [669 NYS2d 834] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Pitts, J.), rendered October 6, 1995, convicting him of murder in the second degree, conspiracy in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress oral and written statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his statements to the police should have been suppressed because they were the product of an illegal detention and arrest. Since the defendant did not raise the issue of whether his statements were the product of custodial interrogation at the suppression hearing, his claim is

unpreserved for appellate review (*see,* CPL 470.05 [2]; *see, e.g., People v Tutt,* 38 NY2d 1011, 1012-1013; *People v Cea,* 237 AD2d 617; *People v Alexander,* 226 AD2d 548, 549). In any event, the hearing testimony clearly established that the defendant was not in custody when he made his initial statements to the police (*see, People v Delfino,* 234 AD2d 382; *People v Jones,* 228 AD2d 522; *People v Forbes,* 182 AD2d 829, 830).

The defendant's claim that the evidence was not legally sufficient to support his conviction is not preserved for appellate review as he failed to raise to the trial court the specific grounds that he now raises on appeal as the bases for his legal insufficiency claim (*see,* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.