■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVIN O'QUINN, Appellant. [703 NYS2d 494] —Appeal by the defendant from a judgment of the County Court, Nassau County (Ort, J.), rendered December 3, 1997, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal use of a firearm in the first degree (two counts), criminal possession of stolen property in the fourth degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

During the hearing, an eyewitness, who was outside the courtroom awaiting her turn to testify, observed the defendant seated at the counsel table. After the hearing, the same witness again observed the defendant being led out of the courtroom in handcuffs.

The court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. The witness's first out-of-court observation was inadvertent and was neither unduly suggestive nor the result of questionable police procedure (*see, People v Dixon,* 85 NY2d 218; *People*

*v Marino,* 245 AD2d 529). Furthermore, although the court suppressed testimony regarding the witness's second out-of-court observation as "unduly suggestive", the court properly permitted her to make an in-court identification of the defendant. The People demonstrated that the witness's in-court identification was based upon her observation of the defendant during the commission of the crime and was independent of the tainted observation (*see, People v Webster,* 248 AD2d 738).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed upon the defendant was neither harsh nor excessive.

The defendant's remaining contentions are without merit. Santucci, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.