■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY BROWN, Appellant. [743 NYS2d 313] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered September 1, 1999, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STERLING BROWN, Appellant. [743 NYS2d 554] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 20, 2000, convicting him of assault in the first degree, robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Katz, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court correctly permitted testimony regarding statements made by the complainant after being shot, in which he identified the defendant as his assailant, and indicated that the gun found underneath his body belonged to the defendant. The statements were made within minutes after the complainant was shot six times. The circumstances surrounding the making of

the statements reasonably justified the trial court's conclusion that they were not made under the impetus of studied reflection. Therefore, the statements were admissible under the excited utterance exception to the hearsay rule (*see People v Brown,* 70 NY2d 513, 519; *People v Edwards,* 47 NY2d 493; *People v Harris,* 276 AD2d 562, 563; *People v Montalbo,* 254 AD2d 504).

"It is well settled that whether a defendant is in police custody and therefore not free to leave is not determined by the individual defendant's subjective beliefs. Rather, the test is whether a reasonable person, innocent of any crime, would have believed he [or she] was free to leave the presence of the police" (*People v Ellerbe,* 265 AD2d 569, 570; *see People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Portier,* 276 AD2d 500). Under the totality of the circumstances surrounding the defendant's statement made at the hospital where he was admitted with a gunshot wound, the defendant, who was not handcuffed, was not in custody when a detective asked him what happened. Moreover, the nature of the question was investigatory (*see People v Centano,* 76 NY2d 837; *People v Ellerbe, supra* at 570; *see also People v Yukl, supra*; *People v Portier, supra*; *People v King,* 222 AD2d 699; *People v Mosley,* 196 AD2d 893; *People v Forbes,* 182 AD2d 829, 830). Thus, the hearing court correctly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Prior to the in-court identification of the defendant by a prosecution witness, that witness observed the defendant both outside and inside the courtroom. The defendant's counsel made an application to preclude the witness's in-court identification on the ground that the witness was permitted to improperly observe the defendant immediately before his testimony, thereby rendering the in-court identification suggestive. The trial court denied the application and permitted the witness to make an in-court identification of the defendant. The trial court's ruling was correct. The out-of-court observations of the defendant, both in the hallway of the courthouse and in the courtroom, were accidental in nature and not the product of questionable police procedure (*see People v O'Quinn,* 268 AD2d 602; *People v Marino,* 245 AD2d 529). While it was improper for the prosecutor to bring the witness into the courtroom before he was called to testify, thereby observing the defendant, this error was harmless and did not require the preclusion of the witness' in-court identification. Any perceived suggestiveness of the in court identification was

cured since the People proved by clear and convincing evidence that the in-court identification was based upon the witness's independent observation of the defendant (*see People v Radcliffe,* 273 AD2d 483, 484; *People v Webster,* 248 AD2d 738). Moreover, any risk of misidentification at trial was diminished since the defense counsel had an opportunity to cross-examine the witness and explore the suggestiveness of the in-court identification, as well as to argue any weakness of the identification to the jury on summation (*see, People v Bradley,* 154 AD2d 609; *People v Merced,* 137 AD2d 562).

The defendant's remaining contentions are without merit. S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.