■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ARTHUR D. LONG, Respondent. [810 NYS2d 754]—

Appeal from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), entered July 20, 2004. The order granted that part of the motion of defendant seeking to suppress his statements and the weapon seized.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed and the indictment is dismissed.

Memorandum: The People appeal from an order granting that part of the motion of defendant seeking to suppress his statements and the gun seized by police. We affirm. A police officer stopped defendant's vehicle because the vehicle's registration was expired. The officer informed defendant that it was the policy of his department to tow unregistered vehicles, and he therefore asked defendant to exit the vehicle. The officer then placed defendant in the back of the patrol car in order to give him a citation. While defendant was in the back of the patrol

car, the officer asked him whether there was anything in the vehicle that he should know about. Defendant responded that there was a gun in the driver's door, and he subsequently made further statements to police.

Contrary to the contention of the People, the record supports Supreme Court's determination that defendant was in police custody when the officer asked defendant the question concerning the contents of his vehicle. "In deciding whether a defendant was in custody at the time a statement was given, the test is not what the subjective beliefs of the defendant were, but instead what a reasonable person, innocent of any crime, would have thought if they were in defendant's position" (*People v Smith*, 214 AD2d 845, 847 [1995], *lv denied* 86 NY2d 741 [1995], citing *People v Yukl*, 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400 US 851 [1970]; *see People v Andrews*, 13 AD3d 1143, 1144-1145 [2004]). The officer testified that defendant was placed in the back of the patrol car, albeit without handcuffs, and could not exit the patrol car. He further testified that defendant was not free to leave and that a traffic stop for the purpose of issuing a citation is "technically an arrest." We thus conclude that the court properly suppressed defendant's initial statement to the officer concerning the gun in the driver's door on the ground that defendant was in custody when he made the statement and had neither received nor waived his *Miranda* rights (*see generally Smith*, 214 AD2d at 847, citing *People v Smith*, 193 AD2d 1054 [1993], *lv denied* 82 NY2d 853 [1993]), and we further conclude that the court properly suppressed defendant's subsequent statements as the direct consequence of that initial statement (*see People v Campbell*, 121 AD2d 121, 126 [1986], *lv denied* 69 NY2d 878 [1987]; *see generally Wong Sun v United States*, 371 US 471, 487-488 [1963]).

Contrary to the further contention of the People, we conclude that the record supports the court's determination that the question to defendant was interrogatory and "designed . . . to elicit the defendant's inculpatory cooperation" (*People v Hardy*, 5 AD3d 792, 793 [2004], *lv denied* 3 NY3d 675 [2004]), particularly in view of the deference afforded the court's credibility determinations (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Gary*, 19 AD3d 1118, 1119 [2005], *lv denied* 5 NY3d 828 [2005]). Under the circumstances, the officer should have known that the question was "reasonably likely to elicit an incriminating response" from defendant (*People v Ferro*, 63 NY2d 316, 322-323 [1984], *cert denied* 472 US 1007 [1985]). Present—Hurlbutt, J.P., Scudder, Gorski, Green and Hayes, JJ.