Appeal from an order of the Erie County Court (Shirley Trout-man, J.), entered February 26, 2008. The order, inter alia, granted those parts of the motions of defendants seeking to suppress tangible property.
It is hereby ordered that the order so appealed from is unanimously modified on the law by denying those parts of the motions seeking to suppress tangible property and as modified the order is affirmed, and the matter is remitted to Erie County Court for further proceedings on the indictment.
Memorandum: The People appeal from an order that, inter alia, granted those parts of the motions of defendants seeking to suppress the tangible property underlying the indictment against them. We agree with the People that County Court erred in granting those parts of defendants’ motions, and we therefore modify the order accordingly. The police were justified in their initial stop of the vehicle driven by one defendant in which the other defendant was a passenger, based on their observation that a traffic infraction had been committed, i.e., that the vehicle did not display a front license plate as required by Vehicle and Traffic Law § 402 (see People v Robinson, 97 NY2d 341 [2001]; People v Romeo, 15 AD3d 420 [2005], lv denied 4 NY3d 890 [2005]; People v Sherman, 106 AD2d 416 [1984]). Upon reaching the vehicle, one of the police officers detected the odor of marihuana. That police officer’s detection of “the smell of marihuana smoke, with nothing more, [was] sufficient to provide [the] officer[, qualified by training and experience,] with probable cause to search” the vehicle (People v Chestnut, 43 AD2d 260, 261 [1974], affd 36 NY2d 971 [1975]), as well as *1275 “its contents” (People v Harrington, 30 AD3d 1084, 1085 [2006], lv denied 7 NY3d 848 [2006]; see People v Morgan, 10 AD3d 369, 370-371 [2004]). The search of the vehicle produced the tangible property at issue herein.
Contrary to the contention of the People, however, we conclude that the court properly suppressed the statement made by defendant William Turner while he was in custody but had not waived his Miranda rights. “In deciding whether a defendant was in custody at the time a statement was [made], the test is not what the subjective beliefs of the defendant were, but instead what a reasonable person, innocent of any crime, would have thought if [he or she] were in defendant’s position” (People v Smith, 214 AD2d 845, 847 [1995], lv denied 86 NY2d 741 [1995]). Here, Turner was not questioned until the police officers were escorting both defendants to the police vehicle after one of the officers had detected the odor of marihuana (see People v Long, 27 AD3d 1053, 1054 [2006], lv denied 7 NY3d 758 [2006]). The record therefore supports the court’s determination that Turner was in custody, and we further agree with the court that the officer’s question to Turner at that time, in response to which Turner made the statement in question, was “designed ... to elicit [his] inculpatory cooperation” (People v Hardy, 5 AD3d 792, 793 [2004], lv denied 3 NY3d 641, 675 [2004]; see Long, 27 AD3d at 1054). Present—Hurlbutt, J.P., Centra, Fahey, Pine and Gorski, JJ.