■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD LEASURE, Appellant. [874 NYS2d 185]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered June 7, 2007, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, pursuant to a stipulation in lieu of motions, of the suppression of physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly declined to suppress statements the defendant spontaneously made to the police prior to his arrest (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v King*, 222 AD2d 699 [1995]). Contrary to the defendant's contentions, at the time of his arrest, there was probable cause to believe that he was involved in the crime and, therefore, the hearing court properly declined to suppress physical evidence the police found in his pocket (*see People v Moore*, 6 NY3d 496, 498-499 [2006]; *People v Cooper*, 38 AD3d 678 [2007]).

The defendant's claim of legal insufficiency is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record

here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's trial attorney provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Spolzino, J.P., Santucci, Balkin and Chambers, JJ., concur.