People v Johnson (2022 NY Slip Op 00821)





People v Johnson


2022 NY Slip Op 00821


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Shulman, Higgitt, JJ. 


Ind. No. 606/15 Appeal No. 15261 Case No. 2017-271 

[*1]The People of the State of New York, Respondent,
v
Cephus Johnson, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Steven J. Miraglia of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Dana Poole of counsel), for respondent.



Judgment, Supreme Court, New York County (Melissa C. Jackson, J. at dismissal/severance motion; Daniel P. FitzGerald, J. at jury trial and sentencing), rendered February 8, 2016, as amended February 10, 2016, convicting defendant of petit larceny, sexual abuse in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him to an aggregate term of 1½ years, unanimously affirmed.
Defendant's legal sufficiency claim regarding his sexual abuse conviction is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established that the victim did not consent to having her buttocks touched by defendant. There is no basis for disturbing the jury's credibility determinations. The victim's testimony, along with video surveillance evidence, established that defendant followed the intoxicated victim into her apartment building and initiated an unwanted encounter with her that included hugging her and touching her backside without her consent, before stealing her property.
The drug possession count was properly joined with the other counts in the indictment, because there was overlapping evidence that tended to prove both the drug charge and the charges relating to the original incident (see CPL 200.20[2][b]). Evidence of the original incident was relevant to explain how defendant came to be arrested for the drug charge, and evidence of defendant's flight from the police was relevant to all the charges (see People v Johnson, 48 NY2d 925, 926 [1979]; People v Khan, 174 AD2d 510, 510 [1st Dept 1991], lv denied 78 NY2d 968 [1991]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022