■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS J. ZAVARO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered March 27, 1985, convicting him of murder in the second degree (two counts) and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's oral, written and videotaped statements were properly admitted into evidence. Great weight must be

accorded the determination of the hearing court with its particular advantages of having seen and heard the witnesses *(People v Prochilo,* 41 NY2d 759, 761), and that determination should not be disturbed where it is supported by the record *(People v Gee,* 104 AD2d 561). The record supports the court's finding that the initial statements made to the police were part and parcel of a reasonable investigatory process involving the defendant as a potential witness who was not in custody and free to leave at will. The test for determining whether a custodial situation exists is not what the defendant thought, but "what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" *(People v Yukl,* 25 NY2d 585, 589). We also agree with the finding that there was no evidence that the defendant's ability to comprehend the nature and circumstances surrounding the investigation proceedings in which he was involved was in any way impaired by mental derangement or that the defendant was forced, cajoled or tricked into an involuntary confession. Nor does the record reveal that the Assistant District Attorney promised the defendant help and that he relied on such a promise in return for his videotaped confession.

Although it is well settled that expert medical testimony need not come from a licensed physician or psychologist *(People v Rice,* 159 NY 400, 410), we find no cause to reverse on the basis of the trial court's determination that a certified social worker could not testify as an expert regarding the defendant's lack of criminal responsibility by reason of mental disease or defect pursuant to Penal Law former § 30.05. It has always been within the ambit of the Trial Judge's reasonable discretion to determine the qualifications of an expert whose testimony is offered on behalf of a litigant *(Meiselman v Crown Hgts. Hosp.,* 285 NY 389). The trial court permitted the witness to testify extensively regarding her involvement with the defendant in an in-patient drug treatment program but, based on her background, refused to allow her to give an opinion as to whether the defendant was suffering from a "mental disease or defect" during the commission of the crimes charged. The record does not indicate that the ruling was erroneous.

We do not find that the court's reference to the People's expert witness as the "learned doctor" was prejudicial in this case. Upon the defendant's exception, the court gave curative instructions to the jury as follows: "I referred to Dr. Schwartz as learned. Strike that out. You are to consider that as a question of fact, whether he was a learned medical doctor in

his field". "The importance, as well as the effect, of curative instructions * * * cannot be underestimated, as we depend, for the integrity of the jury system itself, upon the willingness of jurors to follow the court's instructions" *(People v Berg,* 59 NY2d 294, 299-300). Also, under the circumstances of this case and the overwhelming evidence of guilt, any error was harmless and did not deprive the defendant of a fair trial *(People v Crimmins,* 36 NY2d 230).

The sentencing court correctly imposed consecutive terms of imprisonment, inasmuch as the crimes of which the defendant stands convicted were separate and distinct acts *(see, People v Brathwaite,* 63 NY2d 839; *People v King,* 115 AD2d 563). The sentence imposed was appropriate. Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.