■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEVAN THOMAS, Appellant. [739 NYS2d 732] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (F. Rivera, J.), rendered October 26, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, he was not in custody when he made statements to detectives in his apartment in the presence of his mother or when he and his mother were at the precinct station house before he was given *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436). A reasonable person in his position, who was innocent of any crime, would have considered himself free to leave during that time (*see, People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Ellerbe,* 265 AD2d 569; *People v King,* 222 AD2d 699; *People v Blake,* 177 AD2d 636). The questioning by the detectives was investigatory rather than accusatory. The defendant was not handcuffed, and he was cooperative and was always in the presence of his mother. Consequently, the hearing court properly determined that the statements made by the defendant prior to his being administered *Miranda* warnings should not be suppressed.

Additionally, the evidence supports the hearing court's determination that when the defendant was no longer free to leave, the detectives already had informed him of his *Miranda* rights and that he knowingly, intelligently, and voluntarily waived those rights. Accordingly, the statements he made after he had been administered his *Miranda* warnings were also admissible.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Krausman, J.P., McGinity, H. Miller and Adams, JJ., concur.