(August 29, 2002)

■ In the Matter of RICARDO S., a Person Alleged to be a Juvenile Delinquent, Appellant. [746 NYS2d 707]

Appellant, who was 15 years old at the time of the events in question, challenges the Family Court's denial of his motion to suppress a prearrest oral statement he gave to three police officers who, without informing appellant of his *Miranda* rights, questioned him in his home about a burglary that occurred four days before, as well as a postarrest written statement he subsequently made in the police station.

To the extent the Family Court may have concluded that the police officers' questioning of appellant in his home was not a custodial interrogation requiring *Miranda* warnings because appellant was not placed under arrest prior to the questioning, the conclusion was erroneous. *Miranda*'s safeguards are trig-

gered whenever there is a custodial interrogation (see, *Matter of Rennette B.*, 281 AD2d 78, 82). The test of whether questioning by police is custodial is not whether a person is under arrest, but, rather, whether a reasonable person similarly situated to the defendant, and innocent of any crime, would have thought that his freedom was significantly restricted (*Matter of Kwok T.*, 43 NY2d 213, 220; *People v Yukl*, 25 NY2d 585, *cert denied* 400 US 851; *Matter of Rennette B.*, 281 AD2d 78, 85). We are not prepared to say that a reasonable 15 year old, confronted by three police officers conducting the type of questioning that occurred here, even in his own home with his mother present, would have felt free to leave or that such questioning was not custodial.

However, appellant's initial oral statement was duplicated by his later written statement, which Family Court found was made in the police station after appropriate *Miranda* warnings had been given, attenuated from appellant's earlier statement and not part of a continuous chain of events. There is no basis for this Court to overturn Family Court's credibility findings that underlie those determinations (see, *People v Chapple*, 38 NY2d 112, 115) or to upset its ruling that the postarrest, written statement was admissible. Thus, the error in admitting the oral statement was harmless beyond a reasonable doubt (see, *People v Sanders*, 56 NY2d 51, 66). Concur—Williams, P.J., Tom, Rosenberger, Wallach and Marlow, JJ.