■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD ANDREWS, Respondent. [787 NYS2d 750]—

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Appeal from an order of the Ontario County Court (James R. Harvey, J.), dated December 16, 2003. The order granted defendant's motion to suppress defendant's statements to a police officer.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, the motion is denied and the matter is remitted to Ontario County Court for further proceedings on the indictment.

Memorandum: We agree with the People that County Court erred in granting defendant's motion to suppress statements made by defendant to a police officer. Defendant, a 33-year-old man with an IQ of 72 or less, resided alone in an apartment. He was a suspect in a series of incidents involving sexual activity with a nine-year-old boy and received a telephone call from a police officer asking that he come to the police station. When defendant asked why the police wished to speak to him, the officer stated that he would provide that information upon defendant's arrival at the police station. When defendant arrived, he asked the officer why he was there, and the officer asked him whether he knew of any reason why he would be asked to come to the police station. Defendant then made certain admissions. He also asked the officer not to arrest him or to "call [his] parents," and the officer assured defendant that he would not be arrested that day. Defendant was allowed to leave after speaking with the officer, but he returned immediately thereafter to ask the officer whether he could attend a picnic that the victim's family also planned to attend. The officer told him that he should not attend the picnic, and defendant again left the police station. No *Miranda* warnings were administered.

We conclude that defendant was not in custody when he made the statements and that *Miranda* warnings therefore were not required. In granting defendant's motion, the court relied upon the testimony of a psychiatrist who testified that, even though defendant was told that he was free to go, defendant did not believe that he was in fact free to leave the police station. That was error. "In deciding whether a defendant was in custody prior to receiving his [*Miranda*] warnings, the subjective beliefs of the defendant are not to be the determinative factor. The test is not what the defendant thought, but rather what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" (*People v Yukl*, 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400

US 851 [1970]). Thus, the fact that defendant believed that he was not in fact free to leave is not dispositive (*see People v Zavaro*, 138 AD2d 430 [1988], *lv denied* 71 NY2d 1035 [1988]). Indeed, there is no indication in the record before us that a reasonable man in defendant's position who was innocent of any crime would have believed that he was in custody, and thus the court erred in granting defendant's motion on the ground that no *Miranda* warnings were administered. We therefore reverse the order, deny defendant's motion and remit the matter to County Court for further proceedings on the indictment.

In light of our determination, we do not reach the People's remaining contentions. Present—Pine, J.P., Scudder, Kehoe, Smith and Lawton, JJ.