THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. LUNDERMAN, Appellant. [796 NYS2d 481]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered November 17, 2003. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree (six counts), sodomy in the second degree (11 counts), sexual abuse in the second degree (17 counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of six counts of sodomy in the first degree (Penal Law former § 130.50 [4]), 11 counts of sodomy in the second degree (former § 130.45 [1]), 17 counts of sexual abuse in the second degree (§ 130.60 [2]) and one count of endangering the welfare of a child (§ 260.10 [1]). We reject the contention of defendant that County Court erred in denying his motion to suppress his statement to the police. Two police detectives went to the home of defendant's parents, where they believed defendant could be located, in order to advise defendant that he was in violation of the requirement that he register his address with the "Sex Offender Registry." They also were investigating allegations of sexual abuse, and defendant had been identified as a suspect. The detectives asked to speak to defendant privately, and defendant suggested that they go outside. Because of inclement weather, defendant suggested that they sit inside the police vehicle. Defendant sat in the back seat of the vehicle, and the detectives sat in the front seat. One of the two detectives testified at the suppression hearing and, according to his testimony, the detectives offered to leave the vehicle door open. The door was closed, however, because of the inclement weather. The detective told defendant that he was not under arrest, and defendant was not handcuffed. After 15 to 20 minutes of questioning, defendant admitted that he had sodomized the victim on several occasions and asked to speak to an attorney. Questioning immediately ceased, and defendant was arrested.

The court properly refused to suppress defendant's statement made in the police vehicle on the ground that defendant was not in custody when he made the statement. As the court properly determined, a reasonable person in defendant's position, innocent of any crime, would not have believed that he or she was in custody, and thus *Miranda* warnings were not required (*see People v Yukl*, 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400 US 851 [1970]; *People v Jacobs*, 298 AD2d 954, 955 [2002], *lv denied* 99 NY2d 559 [2002]; *People v Scott*, 288 AD2d 846, 847 [2001], *lv denied* 97 NY2d 761 [2002]). In determining whether suppression is required, the court "should consider: (1) the amount of time the defendant spent with the police, (2) whether his freedom of action was restricted in any significant manner, (3) the location and atmosphere in which the defendant was questioned, (4) the degree of cooperation exhibited by the defendant, (5) whether

he was apprised of his constitutional rights, and (6) whether the questioning was investigatory or accusatory in nature" (*People v Forbes*, 182 AD2d 829, 829-830 [1992], *lv denied* 80 NY2d 895 [1992]). Here, the questioning lasted only 15 to 20 minutes, defendant was not handcuffed, he agreed to speak to the police and indeed suggested that they sit inside the police vehicle, and the questioning was investigatory in nature. Under those circumstances, we cannot conclude that the court erred in denying the motion (*see id.* at 830). Present—Pigott, Jr., P.J., Scudder, Gorski, Martoche and Lawton, JJ.