■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS J. DAVIS, Appellant. [850 NYS2d 307]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered January 19, 2005.

The judgment convicted defendant, upon a jury verdict, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the first degree (Penal Law § 140.30 [3]). We reject the contention of defendant that Supreme Court erred in refusing to suppress his statements to the police following an alleged de facto arrest without probable cause (*cf. People v Hunt*, 155 AD2d 957, 958 [1989], *lv denied* 75 NY2d 814 [1990]). Defendant and his sister willingly accompanied investigators to the police station, where defendant waived his *Miranda* rights. Defendant was not handcuffed, did not ask to leave and was questioned for only one hour. Although the questioning during that time may have been accusatory, that fact alone did not render the interrogation custodial in nature (*see generally People v Lunderman*, 19 AD3d 1067, 1068-1069 [2005], *lv denied* 5 NY3d 830 [2005]; *People v Pulliam*, 258 AD2d 681, 682-683 [1999], *lv denied* 93 NY2d 977 [1999]). In any event, we conclude on the record before us that the police had probable cause to arrest defendant before he made his inculpatory statements (*see generally* CPL 140.10 [1] [b]; *People v Bigelow*, 66 NY2d 417, 423 [1985]).

We reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "The jury was entitled to resolve issues of credibility in favor of the People . . . , and it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Walek*, 28 AD3d 1246, 1246 [2006], *lv denied* 7 NY3d 764 [2006]). We agree with defendant that the court erred in precluding him from presenting evidence concerning his inability to read on the ground that such evidence constituted psychiatric evidence for which notice was required pursuant to CPL 250.10. Defendant's inability to read is not a " 'condition bearing upon defendant's mental state' " (*People v Brown*, 4 AD3d 886, 888 [2004], *lv denied* 3 NY3d 637 [2004]; *see generally People v Little*, 24 AD3d 1244, 1245 [2005], *lv denied* 6 NY3d 835 [2006]). Defendant demonstrated his ability to read during his testimony, however, and we conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Finally, we decline defendant's request that we disavow our prior decisions holding that there is no requirement that the police electronically record interrogations. As we previously held, "[t]here is no Federal or State due process requirement that

interrogations and confessions be electronically recorded" (*People v Falkenstein*, 288 AD2d 922, 923 [2001], *lv denied* 97 NY2d 704 [2002]; *see People v Williams*, 39 AD3d 1200 [2007], *lv denied* 9 NY3d 853 [2007]; *People v Kunz*, 31 AD3d 1191 [2006], *lv denied* 7 NY3d 868 [2006]). Present—Hurlbutt, J.P., Smith, Centra, Lunn and Fahey, JJ.