# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

119

KA 10-00306

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

JOHN KELLEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered July 9, 2009. The judgment convicted defendant, upon a nonjury verdict, of burglary in the third degree and criminal mischief in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, after a nonjury trial, of burglary in the third degree (Penal Law § 140.20) and criminal mischief in the fourth degree (§ 145.00 [1]), defendant contends that County Court erred in refusing to suppress his statements to the police because, inter alia, he was subjected to custodial interrogation and thus *Miranda* warnings were required. We reject that contention. In determining whether a defendant was in custody for *Miranda* purposes, "[t]he test is not what the defendant thought, but rather what a reasonable [person], innocent of any crime, would have thought had he [or she] been in the defendant's position" (*People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851). "[T]he court 'should consider: (1) the amount of time the defendant spent with the police, (2) whether his freedom of action was restricted in any significant manner, (3) the location and atmosphere in which the defendant was questioned, (4) the degree of cooperation exhibited by the defendant, (5) whether he was apprised of his constitutional rights, and (6) whether the questioning was investigatory or accusatory in nature' " (*People v Lunderman*, 19 AD3d 1067, 1068-1069, *lv denied* 5 NY3d 830). In addition, "[t]he determination of a suppression court must be accorded great weight 'because of its ability to observe and assess the credibility of the witnesses[,] and its findings should not be disturbed unless clearly erroneous' " (*People v Jones*, 9 AD3d 837, 838-839, *lv denied* 3 NY3d 708, 4 NY3d 745).

Here, defendant was questioned for a maximum of 20 minutes in his sister's home, rather than at a police station, and there is no evidence indicating that his freedom of movement was restricted in any way. Indeed, the evidence at the suppression hearing established that defendant was moving around within the room and changed his shirt while the police spoke with him, and that his brother and sister were present in the same room during the questioning. "Although the questioning . . . may have been accusatory, that fact alone did not render the interrogation custodial in nature" (*People v Davis*, 48 AD3d 1086, 1087, *lv denied* 10 NY3d 861; *see generally Lunderman*, 19 AD3d at 1068-1069). Consequently, the court properly concluded that defendant was not in custody for *Miranda* purposes. We have considered defendant's remaining contention with respect to the suppression ruling and conclude that it is without merit.

Defendant failed to move for a trial order of dismissal, and thus he failed to preserve for our review his further contention that the conviction is not supported by legally sufficient evidence (*see People v Hawkins*, 11 NY3d 484, 492; *People v Gray*, 86 NY2d 10, 19). In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Entered:  January 31, 2012                                    Frances E. Cafarell
                                                              Clerk of the Court