# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**45**

**KA 10-00717**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MALCOLM E. WILLIAMS, ALSO KNOWN AS MIDNIGHT,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET SOMES OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P.
Geraci, Jr., J.), rendered October 8, 2008. The judgment convicted
defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him,
following a jury trial, of manslaughter in the first degree (Penal Law
§ 125.20 [1]). County Court properly determined that the 15-year-old
defendant was not in custody when he made incriminating statements.
The evidence presented at the suppression hearing established that
defendant approached police officers who responded to a call reporting
a fight and asked them for protection. He voluntarily entered a
police vehicle and told the police that he had information about a
murder. When the police and defendant arrived at the Public Safety
Building, defendant was taken to a witness reception area that had
couches and a desk; he was not handcuffed; he used a restroom and was
provided with a drink; and he was not asked any accusatory questions
(*see People v Kelley*, 91 AD3d 1318, 1318, *lv denied* 19 NY3d 963).
Furthermore, the police contacted defendant's mother by telephone in
his presence, and he was aware that an officer left the building to
pick up his mother and his older brother (*see generally* CPL 140.20
[6]). The suppression court's resolution of the issue whether
defendant was in custody "must be accorded great weight" (*Kelley*, 91
AD3d at 1318) and, contrary to defendant's contention, we conclude
that a reasonable 15-year-old, innocent of any crime, would not have
felt that his or her freedom was restricted (*see Matter of Rennette
B.*, 281 AD2d 78, 85-86; *cf. Matter of Ricardo S.*, 297 AD2d 255, 256;
*see generally People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US

851).

Frances E. Cafarell
Clerk of the Court