*1095 Appeal from a judgment of the Monroe County Court (Frank P Geraci, Jr., J.), rendered October 8, 2008. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of manslaughter in the first degree (Penal Law § 125.20 [1]). County Court properly determined that the 15-year-old defendant was not in custody when he made incriminating statements. The evidence presented at the suppression hearing established that defendant approached police officers who responded to a call reporting a fight and asked them for protection. He voluntarily entered a police vehicle and told the police that he had information about a murder. When the police and defendant arrived at the Public Safety Building, defendant was taken to a witness reception area that had couches and a desk; he was not handcuffed; he used a restroom and was provided with a drink; and he was not asked any accusatory questions (see People v Kelley, 91 AD3d 1318, 1318 [2012], lv denied 19 NY3d 963 [2012]). Furthermore, the police contacted defendant’s mother by telephone in his presence, and he was aware that an officer left the building to pick up his mother and his older brother (see generally CPL 140.20 [6]). The suppression court’s resolution of the issue whether defendant was in custody “must be accorded great weight” (Kelley, 91 AD3d at 1318) and, contrary to defendant’s contention, we conclude that a reasonable 15-year-old, innocent of any crime, would not have felt that his or her freedom was restricted (see Matter of Rennette B., 281 AD2d 78, 85-86 [2001]; cf. Matter of Ricardo S., 297 AD2d 255, 256 [2002]; see generally People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]). Present—Scudder, P.J., Peradotto, Carni, Whalen and Martoche, JJ.