■ In the Matter of DELROY S., a Person Alleged to be a Juvenile Delinquent, Appellant. [978 NYS2d 183]—

The court should have suppressed appellant's statement on the ground that it was the product of custodial interrogation without *Miranda* warnings. Under the circumstances, a reasonable 11 year old would not have felt free to leave (*see Matter of Ricardo S.*, 297 AD2d 255 [1st Dept 2002]). Nevertheless, the error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230 [1975]). Independent of the statement, which added little to the presentment agency's case, there was overwhelming evidence that both established appellant's guilt of the assault and weapon charges and disproved his justification defense. In what began as a fistfight, appellant stabbed his unarmed opponent in the back at a time when appellant clearly had the ability to retreat safely rather than using deadly physical force. We have considered and rejected appellant's arguments concerning his justification defense.

The evidence did not support the inferences that appellant committed the delinquent acts of petit larceny and criminal possession of stolen property in the fifth degree.

Probation was the least restrictive dispositional alternative consistent with appellant's needs and the community's need for protection (*see Matter of Katherine W.*, 62 NY2d 947 [1984]), particularly in light of the seriousness of the assault. Concur—Sweeny, J.P., Renwick, Andrias and Freedman, JJ.