■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRIEN E. WILSON, Appellant. [58 NYS3d 775]—

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered January 7, 2013. The judgment convicted defendant, upon his plea of guilty, of criminal sexual act in the first degree.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the first degree (Penal Law § 130.50 [3]). We reject defendant's contention that County Court erred in refusing to suppress his statements to the police. Defendant was not in custody when he made the statements, and thus the police were not required to advise defendant of his *Miranda* rights (*see People v Lunderman*, 19 AD3d 1067, 1068-1069 [2005], *lv denied* 5 NY3d 830 [2005]). On two occasions, police officers in plain clothes interviewed defendant at his home and in the surrounding area. During those interviews, defendant was cooperative and voluntarily agreed to speak with the police. Further, defendant's mother was permitted to participate in the interviews, which lasted under an hour. Under these circumstances, "a reasonable

person in defendant's position, innocent of any crime, would not have believed that he or she was in custody, and thus *Miranda* warnings were not required" (*id.* at 1068; *see People v Thomas*, 292 AD2d 549, 550 [2002]).

We likewise conclude that *Miranda* warnings were not required before two subsequent interviews that took place at the police station, inasmuch as they also were noncustodial (*see Lunderman*, 19 AD3d at 1069; *People v Andrews*, 13 AD3d 1143, 1144-1145 [2004]; *People v Blake*, 177 AD2d 636, 637 [1991], *lv denied* 79 NY2d 853 [1992]). Defendant voluntarily went to the police station on those occasions and was driven to and from the station by his mother. He was told that he was not under arrest and that he would be able to leave with his mother. Additionally, his mother was invited to participate in the interviews, which were short in duration, each lasting about half an hour.

We further reject defendant's contention that his statements should have been suppressed because he did not have the intellectual capacity to make voluntary statements. A "defendant's impaired intelligence is but one factor to be considered in the totality of circumstances voluntariness analysis where, as here, there is no evidence of mental retardation 'so great as to render the accused completely incapable of understanding the meaning and effect of [the] confession' " (*People v Marx*, 305 AD2d 726, 728 [2003], *lv denied* 100 NY2d 596 [2003], quoting *People v Williams*, 62 NY2d 285, 289 [1984]).

We agree with defendant, however, that the court erred in failing to determine whether he should be afforded youthful offender status (*see People v Rudolph*, 21 NY3d 497, 501 [2013]). Defendant was convicted of a sex offense enumerated in CPL 720.10 (2) (a) (iii), and the court therefore was required " 'to determine on the record whether . . . defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3)' " (*People v Dukes*, 147 AD3d 1534, 1535 [2017], quoting *People v Middlebrooks*, 25 NY3d 516, 527 [2015]). Because the court failed to make such a determination, we hold the case, reserve decision, and remit the matter to County Court to make and state for the record "a determination of whether defendant is a youthful offender" (*Rudolph*, 21 NY3d at 503). Present—Centra, J.P., Peradotto, Carni, NeMoyer and Curran, JJ.