■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEWAYNE BROWN, Appellant. [61 NYS3d 762]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered August 25, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a firearm.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a

firearm (Penal Law § 265.01-b). Contrary to defendant's contention, Supreme Court properly refused to suppress defendant's statements to the police, which included an admission that he accidentally shot himself with a firearm, inasmuch as defendant was not in custody at the time that he made the statements and *Miranda* warnings therefore were not required (*see generally Miranda v Arizona*, 384 US 436, 467 [1966]). "In determining whether a defendant was in custody for *Miranda* purposes, '[t]he test is not what the defendant thought, but rather what a reasonable [person], innocent of any crime, would have thought had he [or she] been in the defendant's position' " (*People v Kelley*, 91 AD3d 1318, 1318 [2012], *lv denied* 19 NY3d 963 [2012], quoting *People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). Here, the evidence at the suppression hearing established that defendant voluntarily sought medical treatment at a walk-in clinic for a gunshot wound to his leg. The treatment provider reported defendant's gunshot injury to police, as required by Penal Law § 265.25, and the provider instructed defendant to wait for the police to arrive. A detective responded to the clinic and briefly questioned defendant in a patient room where defendant was waiting with his mother. The detective testified that he thought that defendant was a victim, rather than a suspect, and thus his initial questions were investigatory in nature. During the questioning, defendant was not placed under arrest, and was not handcuffed or otherwise restrained. Under these circumstances, we conclude that "a reasonable person in defendant's position, innocent of any crime, would not have believed that he or she was in custody, and thus *Miranda* warnings were not required" (*People v Lunderman*, 19 AD3d 1067, 1068-1069 [2005], *lv denied* 5 NY3d 830 [2005]; *see People v Thomas*, 292 AD2d 549, 550 [2002]). The fact that the detective's questions became accusatory after he observed gunpowder burns on defendant's leg, the presence of which seemed to conflict with defendant's initial statement that he did not see the person who shot him, did not render the questioning custodial in nature (*see People v Davis*, 48 AD3d 1086, 1087 [2008], *lv denied* 10 NY3d 861 [2008]). Present—Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.