Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered October 8, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: On appeal from a judgment convicting him, after a jury trial, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), defendant contends in his main brief that County Court erred in refusing to suppress his statements to the police inasmuch as he was subjected to custodial interrogation and thus Miranda warnings were required. We reject that contention. “In determining whether a defendant was in custody for Miranda purposes, ‘[t]he test is not what the defendant thought, but rather what a reasonable [person], innocent of any crime, would have thought had he [or she] been in the defendant’s position’ ” (People v Kelley, 91 AD3d 1318, 1318 [4th Dept 2012], lv denied 19 NY3d 963 [2012], quoting People v Yukl, 25 NY2d 585, 589 [1969], cert denied 400 US 851 [1970]). Here, the record establishes that defendant was stopped by the police in a public place and was not restrained in any way. Defendant was asked two simple questions and the encounter lasted a short amount of time. Consequently, we conclude that a reasonable person, innocent of any crime, would not have thought that he was in custody and thus Miranda warnings were not necessary (see People v Bennett, 70 NY2d 891, 893-894 [1987]; People v Spirles, 136 AD3d 1315, 1316 [4th Dept 2016], lv denied 27 NY3d 1007 [2016], cert denied 580 US —, 137 S Ct 298 [2016]; Kelley, 91 AD3d at 1319).
 

 We also reject defendant’s contention in his main brief that the court erred in refusing to suppress all evidence arising from his allegedly improper stop by the police. We conclude that the police had reasonable suspicion to stop defendant when he exited a bus based on information that they received from a confidential informant, who said that defendant had traveled to New York City, purchased a kilo of cocaine, and was returning to Syracuse via bus, and the confirmatory observations of New York City police officers. Thus, the stop was lawful inasmuch as “sufficient information in the record supports the lower court [⅛] determination that the tip was reliable under the totality of the circumstances, satisfied the two-pronged Aguilar-Spinelli test for the reliability of hearsay tips in this particular context and contained sufficient information about defendant[’s] unlawful possession of a [controlled substance] to create reasonable suspicion” (People v Argyris, 24 NY3d 1138, 1140-1141 [2014], rearg denied 24 NY3d 1211 [2015], cert denied 577 US —, 136 S Ct 793 [2016]; see People v Torres, 125 AD3d 1481, 1482 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]). We have considered defendant’s remaining contentions in his pro se supplemental brief with respect to the suppression ruling and conclude that they are without merit.
 

 We reject defendant’s contention in his main brief that he was denied effective assistance of counsel. We conclude that “the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation” (People v Baldi, 54 NY2d 137, 147 [1981]). Moreover, defendant’s contention in his main brief that his attorney failed to make effective use of certain discovery materials while cross-examining the People’s witnesses at the suppression hearing concerns matters outside the record on appeal, and it must therefore be raised by way of a motion pursuant to CPL 440.10 (see People v Sanford, 138 AD3d 1435, 1436 [4th Dept 2016]; see generally People v Cyrus, 48 AD3d 150, 152-154 [1st Dept 2007], lv denied 10 NY3d 763 [2008]).
 

 We reject defendant’s contentions raised in his pro se supplemental brief that the evidence before the grand jury was legally insufficient and that the grand jury was improperly instructed on the law inasmuch as those contentions are “ ‘not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence’ ” (People v Baker, 67 AD3d 1446, 1447 [4th Dept 2009], lv denied 14 NY3d 769 [2010]; see CPL 210.30 [6]; People v Miles, 236 AD2d 786, 787 [4th Dept 1997], lv denied 90 NY2d 861 [1997]). Finally, we have reviewed defendant’s remaining contentions in his pro se supplemental brief and conclude that none requires reversal or modification of the judgment.
 

 Present—Smith, J.P., Garni, Curran and Winslow, JJ.