People v Wilson (2020 NY Slip Op 01994)





People v Wilson


2020 NY Slip Op 01994


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, NEMOYER, AND CURRAN, JJ.


275 KA 14-00854

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARRIEN E. WILSON, DEFENDANT-APPELLANT.






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered January 7, 2013. The appeal was held by this Court by order entered June 16, 2017, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (151 AD3d 1836 [4th Dept 2017]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: We previously held this case, reserved decision, and remitted the matter to County Court to make and state for the record a determination of whether defendant is a youthful offender (People v Wilson, 151 AD3d 1836, 1837 [4th Dept 2017]; see generally People v Middlebrooks, 25 NY3d 516, 525-527 [2015]). On remittal, the court denied defendant youthful offender treatment. Specifically, it found that there were no mitigating circumstances bearing directly on the manner in which the crime was committed and, therefore, defendant was not an eligible youth upon his conviction of criminal sexual act in the first degree (Penal Law § 130.50 [3]), an offense in which he was the sole participant (see CPL 720.10 [2] [a] [iii]; [3]; People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]). We conclude that the court did not thereby abuse its discretion (see generally Middlebrooks, 25 NY3d at 526-527; People v Garcia, 84 NY2d 336, 342-343 [1994]; People v Dukes, 156 AD3d 1443, 1443 [4th Dept 2017], lv denied 31 NY3d 983 [2018]).
Similarly, we conclude that the court did not abuse its discretion in refusing to grant defendant's request for an updated presentence report (see generally People v Kuey, 83 NY2d 278, 282-283 [1994]; People v Campbell, 111 AD3d 1253, 1253-1254 [4th Dept 2013], lv denied 23 NY3d 1018 [2014]). Here, even though seven years had elapsed since the preparation of the original presentence report, the court had before it all the information necessary regarding the manner in which the crime was committed to make a determination of defendant's eligibility for youthful offender treatment (see People v Perry, 278 AD2d 933, 933 [4th Dept 2000], lv denied 96 NY2d 866 [2001]; People v Allen W., 129 AD2d 867, 868 [3d Dept 1987]; cf. People v Jarvis, 170 AD3d 1622, 1623 [4th Dept 2019]). Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court