People v Mills (2020 NY Slip Op 06630)





People v Mills


2020 NY Slip Op 06630


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


828 KA 17-01865

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONALD MILLS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 30, 2017. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). Defendant contends that Supreme Court erred in refusing to suppress his statements to the police because he lacked the intellectual capacity to make voluntary and knowing statements. We reject that contention. A "defendant's impaired intelligence is but one factor to be considered in the totality of circumstances voluntariness analysis where, as here, there is no evidence of mental retardation so great as to render the accused completely incapable of understanding the meaning and effect of [the] confession" (People v Wilson, 151 AD3d 1836, 1837 [4th Dept 2017] [internal quotation marks omitted]; see People v Williams, 62 NY2d 285, 289 [1984]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although an acquittal would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Danielson, 9 NY3d at 348; Bleakley, 69 NY2d at 495).
Defendant contends that the court, in response to a jury note, erred in submitting to the jury for its examination defendant's driver's license, which defendant asserts was not admitted in evidence (see CPL 310.20 [1]). Defense counsel, however, did not object to the submission of the driver's license to the jury, and thus the issue is not preserved for our review (see People v Dame, 144 AD3d 1625, 1626 [4th Dept 2016], lv denied 29 NY3d 948 [2017]; see also People v Brown, 178 AD2d 647, 647-648 [2d Dept 1991]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant also failed to preserve his further contention that he was deprived of his right to a fair trial because of improper statements made by the prosecutor during summation (see People v Tonge, 93 NY2d 838, 839 [1999]). In any event, defendant's contention is without merit. "Reversal based on prosecutorial misconduct is 'mandated only when the conduct [complained of] has caused such substantial prejudice to the defendant that he [or she] has been denied due process of law' " (People v Jacobson, 60 AD3d 1326, 1328 [4th Dept 2009], lv denied 12 NY3d 916 [2009]) and, here, "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (People v Jones, 114 AD3d 1239, 1241 [4th Dept 2014], lv [*2]denied 23 NY3d 1038 [2014], lv denied 25 NY3d 1166 [2015] [internal quotation marks omitted]).
Finally, we have reviewed defendant's remaining contention and conclude that it lacks merit.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court