People v Reed (2021 NY Slip Op 01590)





People v Reed


2021 NY Slip Op 01590


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


213 KA 16-02097

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ODYSSTY D. REED, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered August 19, 2016. The judgment convicted defendant upon his plea of guilty of robbery in the first degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]), defendant contends that County Court erred in failing to determine whether he should be afforded youthful offender status. We agree. Because defendant was convicted of an armed felony offense (see CPL 1.20 [41]), he is ineligible to receive a youthful offender adjudication unless the court determines that one of two mitigating factors is present (see CPL 720.10 [2] [a] [ii]; [3]). If the court, in its discretion, determines that neither of the mitigating factors is present and states the reason for its determination on the record, then no further determination on the youthful offender application is required (see People v Middlebrooks, 25 NY3d 516, 527 [2015]; People v Jones, 155 AD3d 1547, 1552 [4th Dept 2017], amended on rearg 156 AD3d 1493 [4th Dept 2017], lv denied 32 NY3d 1205 [2019]). If, however, the court determines that one or more of those mitigating factors are present, and that defendant is therefore an eligible youth, it must then determine whether defendant is a youthful offender (see Middlebrooks, 25 NY3d at 527; People v Dukes, 147 AD3d 1534, 1535 [4th Dept 2017]).
Here, the court did not follow the procedure set forth in Middlebrooks, inasmuch as it made no on-the-record determination of defendant's eligibility for a youthful offender adjudication at sentencing (see People v Gonzalez, 171 AD3d 1502, 1503 [4th Dept 2019]). Consequently, we hold the case, reserve decision, and remit the matter to County Court "to make and state for the record 'a determination of whether defendant is a youthful offender' " (People v Wilson, 151 AD3d 1836, 1837 [4th Dept 2017], quoting People v Rudolph, 21 NY3d 497, 503 [2013]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court