People v Rivera (2022 NY Slip Op 00782)





People v Rivera


2022 NY Slip Op 00782


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


1036 KA 17-01081

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE M. RIVERA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered May 2, 2017. Defendant was resentenced upon his conviction of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: In 2011, defendant was convicted upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), and sentenced as a second felony offender based upon a 2007 juvenile offender adjudication. In 2016, that juvenile offender adjudication was vacated, and in 2017 Supreme Court granted defendant's motion pursuant to CPL 440.20 (1) to vacate the sentence imposed in this case on the ground that defendant was not a second felony offender, and directed that defendant be resentenced. During the subsequent resentencing, the court denied defendant's request to be adjudicated a youthful offender, concluding that defendant was convicted of an armed felony and that there were no mitigating circumstances bearing directly on the manner in which the crime was committed. Defendant now appeals from the resentence.
We reject defendant's contention that the court abused its discretion in denying his request for an updated presentence investigation. Although six years had passed since the original presentence report was prepared, the court had before it all the information necessary regarding the manner in which the crime was committed to determine whether defendant was eligible to be adjudicated a youthful offender (see People v Wilson, 181 AD3d 1318, 1319 [4th Dept 2020], lv denied 35 NY3d 1116 [2020]; cf. People v Jarvis, 170 AD3d 1622, 1623 [4th Dept 2019]).
Contrary to defendant's further contention, the court did not err in concluding that defendant was not eligible to be adjudicated a youthful offender. Where, as here, a defendant is convicted of an armed felony (see CPL 1.20 [41]), he or she may be adjudicated a youthful offender only where he or she was not the sole participant in the crime and his or her participation was relatively minor (see CPL 720.10 [3] [ii]), or where there exist "mitigating circumstances that bear directly upon the manner in which the crime was committed" (CPL 720.10 [3] [i]), i.e., circumstances that "bear directly on defendant's personal conduct in committing the crime" (People v Garcia, 84 NY2d 336, 342 [1994]; see People v Middlebrooks, 25 NY3d 516, 519 [2015]).
Here, the record establishes that defendant was the only person who possessed the handgun at issue. Furthermore, although "lack of injury to others and nondisplay of a weapon [constitute] qualifying mitigating circumstances" (Garcia, 84 NY2d at 342; see People v Lindsey, 166 AD3d 1565, 1565 [4th Dept 2018], lv denied 32 NY3d 1206 [2019]), the record establishes that, during an argument, defendant procured the weapon from a hidden location in a [*2]vehicle, purposely displayed it, and activated the slide on the weapon to chamber a round into the gun. Thus, although there were no injuries, we perceive no basis to disturb the court's determination that defendant is not an eligible youth because, based on defendant's display of the weapon and his implicit threat to use it, there are insufficient mitigating circumstances to support such an adjudication (see People v D.M., 168 AD3d 879, 880 [2d Dept 2019], lv denied 33 NY3d 947 [2019]; People v Stewart, 140 AD3d 1654, 1655 [4th Dept 2016], lv denied 28 NY3d 937 [2016]; People v Henry, 76 AD3d 1031, 1031 [2d Dept 2010]).
Finally, the resentence is not unduly harsh or severe.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court