# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 64
The People &c.,
　　　　Respondent,
　　v.
Jose M. Rivera,
　　　　Appellant.

Guy Talia, for appellant.
Lisa Gray, for respondent.
Hon. Letitia James, New York State Attorney General, intervenor.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

Defendant Jose M. Rivera argues that the sentencing court failed to exercise its discretion pursuant to Criminal Procedure Law § 720.10 to determine whether qualifying

- 1 -

mitigating circumstances existed that would make him eligible for youthful offender adjudication. We hold that the court did exercise its discretion in making the required eligibility determination. Defendant also advances, for the first time in this Court, several arguments for youthful offender eligibility based on *New York State Rifle & Pistol Assn., Inc. v Bruen*, 142 S Ct 2111 (2022). These arguments are unpreserved, and for the reasons set forth in *People v Cabrera* (decided today), we do not reach them.

The conviction underlying defendant's sentence stems from his display of a loaded gun during an argument over a parking space in 2010, when he was 17 years old. Defendant pleaded guilty to criminal possession of a weapon in the second degree and was sentenced as a second felony offender based on a 2007 felony conviction, which rendered him ineligible for youthful offender treatment (*see* CPL 720.10 [2] [b]). The 2007 felony conviction was vacated in 2016, leaving no predicate felony to support his 2011 second felony offender sentence. The 2011 sentence was accordingly vacated, and defendant was scheduled for resentencing.

At resentencing, defendant was no longer precluded from arguing eligibility for youthful offender treatment (*see* CPL 720.10 [2]), but the court denied his application upon finding that he was not an eligible youth. The court first acknowledged that CPL 720.10 "requires in essence the Court to determine whether the defendant is now at resentence an eligible youth based on his earlier age, and consider the presence or absence of factors set forth in the statute." The court found that although defendant "was not the sole participant in the crime," "his participation was not relatively minor by his admission that it was his weapon and that he illegally possessed it." Moreover, the court identified no "mitigating

circumstances that bear directly upon the manner in which the crime was committed, namely mitigating factors to be concluded as requiring youthful offender adjudication." Additionally, the court expressly acknowledged an Appellate Division ruling, *People v Dukes*, which had remitted a different case because the court had not considered those factors (147 AD3d 1534 [2017]), and made clear that it was "now placing on the record as required by statute" the "required criteria." Finally, the court stated that "this was, of course, an armed felony, Criminal Possession of a Weapon in the Second Degree, and as such there are aggravating factors as opposed to mitigating factors in light of the defendant's participation which negate against a finding of youthful offender adjudication." Accordingly, the court determined "that the presence of the relevant factors that must be decided do not appear applicable in the case at bar." The court ultimately imposed the same sentence that the defendant had previously negotiated: ten years of imprisonment, followed by five years of post-release supervision. Defendant appealed his resentence.

The Appellate Division unanimously affirmed, holding that the sentencing court "did not err in concluding that defendant was not eligible to be adjudicated a youthful offender," given "defendant's display of the weapon and his implicit threat to use it" (202 AD3d 1480, 1480-1481 [2022]).

Criminal Procedure Law § 720.10 governs adjudication of youthful offender status. Subdivisions (1) and (2) define an "eligible youth" to include "every" "person charged with a crime alleged to have been committed when he was at least sixteen years old and less than nineteen years old," "unless," in relevant part, "the conviction to be replaced by a

youthful offender finding is for . . . an armed felony" (CPL § 720.10 [1]; [2]).  Subdivision (3) allows a youth convicted of an armed felony offense to nonetheless be treated as eligible if the court finds: "(i) mitigating circumstances that bear directly upon the manner in which the crime was committed; or (ii) where the defendant was not the sole participant in the crime, the defendant's participation was relatively minor although not so minor as to constitute a defense to the prosecution" (CPL 720.10 [3]).

Defendant's contention that the sentencing court failed to exercise its discretion to determine whether mitigating circumstances existed relies upon two lines from his resentencing proceedings.  First, the court stated that "this was, of course, an armed felony, Criminal Possession of a Weapon in the Second Degree, and *as such* there are aggravating factors as opposed to mitigating factors in light of the defendant's participation which negate against a finding of youthful offender adjudication" (emphasis added).  According to defendant, this statement reflects a mistaken view that the mere designation of an offense as an armed felony precludes a finding of mitigating circumstances.  Second, the court stated that it did not find any mitigating factors present that "require[ed] youthful offender adjudication," and defendant argues that mitigating circumstances need only permit, not require, youthful adjudication.

While neither of these isolated statements was the most artful articulation of the relevant standards, the record indicates that the sentencing court applied the correct statutory framework and exercised its discretion pursuant to the statute.  The judge quoted directly from CPL 720.10 (3) and explicitly referenced his "discretion" to determine whether the statutory factors were present, specifically including "mitigating

circumstances." As required, the court expressly found that mitigating circumstances did not exist. In any event, the Appellate Division correctly held that there were insufficient mitigating circumstances to support youthful offender adjudication, given the threatening manner in which defendant used the gun.

Defendant's remaining challenges based on the recent U.S. Supreme Court decision in *New York State Rifle & Pistol Assn., Inc. v Bruen*, 142 S Ct 2111 (2022), are unpreserved and thus unreviewable for the reasons stated in *People v Cabrera* (decided today). Nor is the preservation exception "permitting appellate review when a sentence's illegality is readily discernible from the trial record" applicable (*People v Santiago*, 22 NY3d 900, 903 [2013]). As we note in *Cabrera*, *Bruen* alone does not compel the conclusion that New York's criminal possession of a weapon statutes are unconstitutional, particularly absent the development of a record in the trial court. We therefore do not reach defendant's contention that the Second Amendment bars classification of unlicensed public possession as a violent armed felony such that he should have been eligible for youthful offender status without regard to the presence or absence of mitigating circumstances.[1]

---

[1] Defendant appears to contend that the Second Amendment requires that possession of a firearm for self-defense be treated as a mitigating circumstance for purposes of youthful offender adjudication. "[O]nce considered [by the sentencing court], a youthful offender adjudication is a matter left to the sound discretion of the sentencing court and therefore any review is limited" (*People v Pacherille*, 25 NY3d 1021, 1023 [2015]). This constraint only compounds the obstacles to reviewing defendant's otherwise unpreserved Second Amendment argument regarding mitigating circumstances.

RIVERA, J. (concurring):

Defendant Jose M. Rivera raises several challenges to his criminal weapons conviction on a guilty plea to possessing a loaded unlicensed handgun. I agree with the majority that defendant's statutory claim regarding his eligibility for youthful offender status is without merit (*see* majority op at 5). However, for the reasons I discuss in *People v Garcia*, decided today, I disagree with the majority that defendant's Second Amendment claims are unpreserved. Nevertheless, those claims fail because defendant was under the age of 18 at the time he committed the crimes and, as a minor, he had no unrestricted Second Amendment right to possess an unlicensed weapon in public.

It is well-settled that minors have limited constitutional rights (*Bellotti v Baird*, 443 US 622, 634 [1979]). "[T]hree reasons justify[] the conclusion that the constitutional rights of children cannot be equated with those of adults: the peculiar vulnerability of children; their inability to make critical decisions in an informed, mature manner; and the importance of the parental role in child rearing" (*id*. at 637). Minors cannot vote, hold public office, serve on a jury or engage in certain types of employment (US Const, 26th Amend [age requirement for voting], NY Const, art III § 7 [age requirement for holding certain public office], Labor Law §§ 2, 133 [child labor laws]).

This is not to say that minors are without any legal protections, and even for those rights guaranteed to minors, in some cases a parent, legally recognized guardian, or the State in its parens patriae role must act on behalf—and in the best interest—of the child (*Matter of Sayeh R*., 91 NY2d 306, 313 [1997] ["In its role as parens patriae, New York is under a powerful duty to protect its domiciliaries from harm"], citing NY Const, art XVII, § 3; Family Ct Act § 1013 [establishing Family Court jurisdiction for the protection of minors]; *Thompson v Oklahoma*, 487 US 815, 825 n 23 [1988] [noting that children are not yet "fully rational, choosing agent(s)"]; *see also Parham v J.R*., 442 US 584, 602 [1979] ["The law's concept of the family rests on a presumption that parents possess what a child lacks in maturity, experience, and capacity for judgment required for making life's difficult decisions"]; *Prince v Massachusetts*, 321 US 158, 166 [1944] ["(i)t is cardinal with us that the custody, care and nurture of the child reside first in the parents"]; *see also Miller v Alabama*, 567 US 460, 471 [2012] [discussing and relying on research about brain

development]). Indeed, minors generally require an adult's consent or a judicial order to engage in certain adult conduct (*Bellotti*, 443 US at 634).[*]

Unsurprisingly, and quite rationally, federal and state law restrict gun possession by minors. These legislative restrictions do not run afoul of the Second Amendment. As Justice Alito approvingly noted in his *New York State Rifle & Pistol Assn., Inc. v Bruen* concurrence, "federal law generally forbids the possession of a handgun by a person who is under the age of 18" (142 S Ct 2111, 2157-2158 [2022], citing 18 USC §§ 922 [x] [2]-[5]). New York State similarly has historically barred nonmilitary personnel under 21 years old from obtaining a gun license (Penal Law § 400.00 [1]).

Therefore, because defendant at 17 years of age had no legal right to possess the unlicensed guns in his possession—a prohibition on minors recognized under laws that he does not challenge on this appeal—he has no standing to assert a Second Amendment violation.

---

[*] The *Bruen* majority's public carry rights analogy to First Amendment rights does not assist defendant here (*New York State Rifle & Pistol Assn., Inc. v Bruen* (142 S Ct 2111, 2131 [2022]). As noted by Justice Stewart in *Ginsberg v State of NY* (390 US 629, 649-650 [1968]), which limited First Amendment rights in the case of minors:

> "[At] least in some precisely delineated areas, a child—like someone in a captive audience—is not possessed of that full capacity for individual choice which is the presupposition of First Amendment guarantees. It is only upon such a premise, I should suppose, that a State may deprive children of other rights—the right to marry, for example, or the right to vote—deprivations that would be constitutionally intolerable for adults."

Order affirmed, in a memorandum. Chief Judge Wilson and Judges Garcia, Singas, Cannataro, Troutman and Halligan concur. Judge Rivera concurs in result in an opinion.

Decided November 21, 2023